**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Matthew T. Bechtel, State Bar No. 260450
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
Email: Bechtel@luch.com

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

    Plaintiffs,

    v.

COFFMAN SPECIALTIES, INC., a California corporation,

    Defendant.

CASE NO. CV 11-9105-SVW (AGRx)

**COMPLAINT SEEKING DAMAGES AND OTHER RELIEF FOR:**

**1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS; and**

**2. VIOLATION OF § 515 OF ERISA, 29 U.S.C. § 1145.**

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust complain and allege:

///

///

- 1 -
COMPLAINT

481925

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA") [*29 U.S.C. §1132(e)(1)*], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [*29 U.S.C. §1132(a)(3)*] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [*29 U.S.C. §1132(f)*].

2. This Court also has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA") [*29 U.S.C. §185(a)*], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [*29 U.S.C. §1132(e)(2)*], and section 301(a) of the LMRA [*29 U.S.C. §185(a)*], in that this is the district in which the Plaintiffs' trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to *28 U.S.C. §1367(a)*.

## PARTIES

5. Plaintiffs are the Trustees of the Operating Engineers Pension Trust, the Operating Engineers Health and Welfare Fund, the Operating Engineers Vacation-Holiday Savings Trust, and the Operating Engineers Training Trust (collectively referred to hereinafter as the "Trusts"). The Trusts are express trusts created pursuant to written declarations of trust (hereinafter "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 (hereinafter "Local

1  12"), and various multiemployer associations in the construction industry in Southern
2  California and Southern Nevada, including the Southern California Contractors
3  Association, Inc. The Trusts are now, and were at all times material to this action,
4  labor-management multiemployer trusts created and maintained pursuant to §
5  302(c)(5) of the LMRA [*29 U.S.C. § 186(c)(5)*].
6      6.    Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the
7  Trusts as defined in § 3(21)(A) of ERISA [*29 U.S.C. § 1002(21)(A)*].
8      7.    Plaintiffs are informed and believe, and based thereon allege, that at all
9  times material herein defendant Coffman Specialties, Inc. (hereinafter "CSI") has
10 been a corporation organized and existing by virtue of the laws of the State of
11 California with its principal place of business located in San Diego, California.

**EXECUTION OF BARGAINING AGREEMENT AND STATUS OF PARTIES**

13     8.    On or about December 10, 1993, CSI executed and delivered a written
14 agreement (hereinafter "Agreement") to Local 12 whereby CSI agreed to be bound by
15 the terms and conditions, with certain exceptions, of certain written and existing
16 collective bargaining agreements between various multi-employer associations and
17 Local 12. In particular, CSI agreed to be bound by the Master Labor Agreement
18 (hereinafter "Master Agreement") in effect between Local 12 and the Southern
19 California Contractors Association, a multi-employer association. On or about
20 December 10, 1993, CSI also signed written acknowledgments and acceptances of
21 each of the Trust Agreements. At all times since December 10, 1993, the Master
22 Agreement has been an effective written collective bargaining agreement between the
23 Association and Local 12.
24     9.    At all times material herein, CSI has been obligated to the terms and
25 provisions of the Agreement, Master Agreement, and Trust Agreements.
26     10.   CSI is an "employer," as that term is understood in the Master
27 Agreement and related Trust Agreements.
28     11.   CSI is an "employer" as defined and used in § 3(5) of ERISA [*29 U.S.C.*

- 3 -
COMPLAINT

481925

§ *1002(5)*], and therefore, CSI is "obligated to make contributions to a multiemployer plan" within the meaning of § 515 of ERISA [*29 U.S.C. § 1145*]. Plaintiffs are informed and believe, and based thereon allege, that CSI is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in § 501(1) and § 501(3) of the LMRA [*29 U.S.C. §§ 142(1), 142(3)*], and within the meaning and use of § 301(a) of the LMRA [*29 U.S.C. § 185(a)*].

## FIRST CLAIM FOR RELIEF
### (BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS)

12. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 13 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13. By the terms and provisions of the Agreement, Master Agreement and Trust Agreements, and at all times material herein:

    a. CSI agreed to prepare and submit true, complete and accurate written monthly contribution reports (hereinafter "Reports") to the Trusts on a timely basis showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, CSI has been obligated to submit its monthly Reports and pay its contributions to the Trusts at their place of business in Pasadena, California, on or before the 10th day of each successive month;

    b. CSI agreed to permit the Trusts and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

- 4 -
COMPLAINT
481925

   c. CSI agreed to pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

14. Plaintiffs are informed and believe, and based thereon allege, that CSI has failed to pay fringe benefit contributions and/or contract damages as required by the Agreement, Master Agreement, and Trust Agreements of at least $186,867.63 for the months July 2011 through September 2011. The total sum of unpaid fringe benefit contributions and contract damages will be established by proof at the trial herein.

15. Plaintiffs are informed and believe, and based thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for CSI's performance under the Agreement, Master Agreement, and Trust Agreements have been properly performed.

16. Plaintiffs are informed and believe, and based thereon allege, that CSI owes, but has failed to pay, certain additional amounts of fringe benefit contributions not presently known to Plaintiffs, but these additional amounts will be established by proof at the trial herein.

17. Pursuant to the Master Agreement and section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)*], CSI agreed that in the event CSI failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, CSI would be considered delinquent with the Trusts and would pay the Trusts the sum of $25.00 per month, ten percent (10%) of the total amount then due, or interest on the amount due at the rates established pursuant to *26 U.S.C § 6621* from the due date, whichever is greater, as liquidated damages for each delinquency.

18. CSI is "delinquent," as that term is used in the Master Agreement and Trust Agreements.

19. Plaintiffs are informed and believe, and based thereon allege, that CSI owes the Trusts liquidated damages assessed at ten percent (10%) of the unpaid contributions. Liquidated damages for work performed in the months of July 2011 through September 2011 amounts to at least $29,211.27. The total amount of liquidated damages owed will be established by proof at the trial herein.

20. Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for CSI's breach of the Agreement, Master Agreement, and Trust Agreements.

21. Pursuant to the Master Agreement, Trust Agreements, and section 502(g)(2)(B) of ERISA [*29 U.S.C. §1132(g)(2)(B)*], CSI owes the Trusts interest on all delinquent unpaid fringe benefit contributions in amounts presently unknown. These additional amounts will be established by proof at the trial herein.

22. Pursuant to the Master Agreement and related Trust Agreements, CSI agreed, in the event of any delinquency, to pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is, or was, commenced.

23. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof at the trial herein.

24. Pursuant to the Trust Agreements, CSI agreed, and is thereby obligated, to post and deliver either a good faith deposit, or a performance bond, issued in favor of the Trusts in an amount based upon a calculation set forth in the Master Agreement. Plaintiffs are informed and believe, and thereon allege, that the Trusts are entitled to such good faith deposit and delivery of monies or bond from CSI. The amount of the good faith deposit or bond will be established by proof.

25. Pursuant to section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)(E)*], the

Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

    a.    Order CSI to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts in an amount determined by the Court to be appropriate, and

    b.    Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

    c.    Order CSI to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF §515 of ERISA)

26. Plaintiffs hereby incorporate by reference paragraphs 1 through 28 of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

27. Section 515 of ERISA [*29 U.S.C. § 1145*] provides that employers who are obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

28. Plaintiffs are informed and believe, and based thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for CSI's performance under § 515 of ERISA [*29 U.S.C. § 1145*] have been properly performed.

29. Plaintiffs are informed and believe, and based thereon allege, that CSI violated its statutory mandated obligation to make fringe benefit contributions to the Trusts.

30. CSI was given written notice of its non-performance and demand to

perform. CSI has failed and refused, and continues to fail and refuse, to cure its violation.

31. Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for CSI's violation of § 515 of ERISA [*29 U.S.C. § 1145*].

32. Pursuant to section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)*], in any action by a fiduciary in which judgment is found in favor of the plan, the court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)*] interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended [*26 U.S.C. § 6621*]. The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute has not been ascertained at this time. These amounts shall be established by proof at the trial herein.

33. Pursuant to section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)(E)*], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

    a. Order CSI to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts in an amount determined by the Court to be appropriate, and

    b. Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

    c. Order CSI to pay to the Trusts all amounts due the Trusts,

including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## PRAYER

WHEREFORE, as to all Claims for Relief, Trustees pray for judgment against CSI as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For damages for breach of contract in amounts as proved;
3. For liquidated damages in amounts as proved;
4. For interest pursuant to section 502(g)(2) of ERISA [*29 U.S.C. § 1132(g)(2)*] and section 6621 of the Internal Revenue Code of 1986, as amended [*26 U.S.C. § 6621*], or at the legal rate, in amounts as proved;
5. For reasonable attorneys' fees and costs of suit incurred; and
6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

   a. For an order directing CSI to pay to the Trustees all amounts due the Trustees, including, but not limited to, unpaid fringe benefit contributions, benefits, withholdings and/or other amounts in an amount proved at the time of trial; and

   b. For an order declaring that CSI hold its interests in specific property in trust for the Trustees, which property CSI acquired directly, or indirectly, from its use of unpaid contributions, benefits and/or withholdings and for an order compelling CSI to convey to the Trustees its interests in such applicable property; and

   c. For an order directing CSI to post and deliver to the Trustees either a good faith deposit, or a performance bond of any amount proven at the time of trial.

DATED: November 2, 2011     LAQUER URBAN CLIFFORD & HODGE LLP

By: *[signature]*
Matthew T. Bechtel,
Counsel for Plaintiffs

## WAIVER OF JURY RIGHT

DATED: November 2, 2011            LAQUER URBAN CLIFFORD & HODGE LLP

By: _____
Matthew T. Bechtel,
Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

`CV11- 9105 SVW (AGRx)`

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFOR

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST [SEE ATTACHMENT] <br> *Plaintiff* <br> v. <br> COFFMAN SPECIALTIES, INC., a California corporation <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. CV11-9105-SVW (AGRx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Coffman Specialties, Inc.
9685 Via Excelencia, Ste. 200
San Diego, CA  92126

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Matthew T. Bechtel, Esq., SBN 260450
LAQUER, URBAN, CLIFFORD & HODGE LLP
225 South Lake Ave., Suite 200
Pasadena, CA  91101-3030
Tel:  (626) 449-1882

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: NOV - 2 2011                                         _____
                                                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                    *Server's signature*

                                         _____
                                                  *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

                              Plaintiffs

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST [SEE ATTACHMENT]

**DEFENDANTS**
COFFMAN SPECIALTIES, INC., a California corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Laquer, Urban, Clifford & Hodge LLP
Matthew T. Bechtel, SBN 260450
225 S. Lake Ave., #200, Pasadena, CA 91101-3030

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 185, 29 U.S.C. 1145 - Defendant breached a written collective bargaining agreement to the detriment of Plaintiffs and violated ERISA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV11-9105**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Mark T. Bucks_      Date November 2, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT TO CIVIL COVER SHEET

TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

                                                                Plaintiffs